Zheng v. Sessions

BIA
Loprest, IJ
A200 933 686

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of June, two thousand eighteen.

PRESENT:
        RALPH K. WINTER,
        GUIDO CALABRESI,
        RAYMOND J. LOHIER, JR.,
            *Circuit Judges.*
_____

BIN QING ZHENG,
        *Petitioner,*

        v.                                    16-3083
                                              NAC
JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:              Jan Potemkin, New York, NY.

FOR RESPONDENT:              Chad A. Readler, Acting
                             Assistant Attorney General;
                             Holly M. Smith, Senior
                             Litigation Counsel; David Kim,
                             Trial Attorney, Office of
                             Immigration Litigation, United
                             States Department of Justice,
                             Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Bin Qing Zheng, a native and citizen of the People's Republic of China, seeks review of an August 10, 2016, decision of the BIA affirming a June 19, 2015, decision of an Immigration Judge ("IJ") denying Zheng's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Bin Qing Zheng,* No. A200 933 686 (B.I.A. Aug. 10, 2016), *aff'g* No. A200 933 686 (Immig. Ct. N.Y. City June 19, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA, i.e., excluding the pretermission of the asylum application on timeliness grounds, which the BIA did not reach. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). For the reasons that

2

follow, we conclude that the agency did not err in determining that Zheng failed to credibly establish past persecution or to independently establish a well-founded fear of future persecution.

I.   Past Persecution

The governing REAL ID Act credibility standard provides that the agency must "[c]onsider[] the totality of the circumstances," and may base a credibility finding on an applicant's "demeanor, candor, or responsiveness," the plausibility of her account, and inconsistencies in her or her witness's statements, "without regard to whether" they go "to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64.  "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

As an initial matter, the Government is correct that Zheng has waived review of some bases for the agency's credibility determination by failing to challenge them in her brief. *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered

3

waived and normally will not be addressed on appeal."). The following findings therefore stand as appropriate bases for the credibility determination: Zheng was not forthcoming about two attempts to obtain a U.S. visa prior to her alleged persecution; Zheng's testimony that she fled China in December 2009 was inconsistent with a government record that her passport was used in Mexico in October 2009; and the change in Zheng's demeanor during cross-examination suggested that she had potentially memorized the questions put to her on direct examination. *Id.; Shunfu Li v. Mukasey*, 529 F.3d 141, 146-47 (2d Cir. 2008). Moreover, the IJ's observations of Zheng's demeanor are supported by the record: Zheng's demeanor changed markedly, and she was nonresponsive when questioned about her undisclosed attempts to gain admission to the United States before her alleged persecution. *Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 113 (2d Cir. 2005) ("We give particular deference to credibility determinations that are based on the adjudicator's observation of the applicant's demeanor . . . ."). Further, given Zheng's false testimony about her prior attempts to gain admission to the United States, the agency was free to disregard the remainder of her uncorroborated testimony and

4

her unauthenticated evidence. *Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) ("[A] single false document or a single instance of false testimony may (if attributable to the petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence.").

Zheng submitted a letter from her mother in China to confirm her arrest, detention, beating, and the date of her departure from China. We reject Zheng's argument that the IJ failed to consider the letter. The IJ explicitly acknowledged the letter in his decision, and "we presume that the IJ has taken into account all the evidence before him, unless the record compellingly suggests otherwise." *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 336 n.17 (2d Cir. 2006); *see also Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008) (agency is not required to "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner" (quoting *Zhi Yun Gao v. Mukasey,* 508 F.3d 86, 87 (2d Cir. 2007)). Although Zheng is correct that the IJ discounted the letter from her brother as based on second-hand information from her mother, the IJ's failure to provide similar individualized analysis of Zheng's mother's letter

5

does not compellingly suggest that it was ignored. *Xiao Ji Chen*, 471 F.3d at 336 n.17. As the BIA correctly observed, Zheng's mother's letter did not explain Zheng's false testimony about her prior attempts to gain admission to the United States, or her corresponding demeanor issues, and was therefore insufficient to rehabilitate her credibility. *See id.* at 342 (holding that the weight accorded to an applicant's evidence "lie[s] largely within the discretion of the IJ" (internal quotation marks omitted)); *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question.").

Given the foregoing inconsistency and demeanor findings, as well as Zheng's false testimony about her attempts to gain admission to the United States before the alleged persecution, the "totality of the circumstances" support the agency's adverse credibility determination. *Xiu Xia Lin*, 534 F.3d at 167. While Zheng contends that the bases for the credibility determination relate only to her travel to the United States, her concealment of prior

6

attempts to gain admission to the United States calls into question whether she fled China to escape persecution. Regardless, because Zheng does not dispute that she provided false testimony on this issue, the agency was free to discredit the remainder of her uncorroborated testimony. *Siewe*, 480 F.3d at 170. The agency therefore did not err in concluding that Zheng failed to establish a credible claim of past persecution. *Id.; Xiu Xia Lin*, 534 F.3d at 167.

II.  Future Persecution

Absent past persecution, an applicant may still establish eligibility for asylum by demonstrating an independent well-founded fear of future persecution, which is a "subjective fear that is objectively reasonable." *Dong Zhong Zheng v. Mukasey*, 552 F.3d 277, 284 (2d Cir. 2009) (internal quotation marks omitted); *see also Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("For an asylum claim, the applicant must show a reasonable possibility of future persecution." (internal quotation marks omitted)); *Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record," a fear of persecution is not well founded and "is speculative at best."). "An asylum applicant can show a well-founded

7

fear of future persecution in two ways: (1) by demonstrating that he or she 'would be singled out individually for persecution' if returned, or (2) by proving the existence of a 'pattern or practice in [the] . . . country of nationality . . . of persecution of a group of persons similarly situated to the applicant' and establishing his or her 'own inclusion in, and identification with, such group.'" *Y.C.*, 741 F.3d at 332 (quoting 8 C.F.R. § 1208.13(b)(2)(iii)). Zheng does not meaningfully contest the agency's well-founded fear finding, only generally asserting that she established a reasonable possibility that she would be singled out for persecution because she would continue to practice Catholicism and that there is a pattern or practice of persecution of similarly situated individuals in China. Regardless, as discussed below, the agency reasonably concluded that Zheng failed to meet her burden of proof.

The agency correctly observed that reports from the U.S. Department of State reflect regional variation in China's treatment of underground church members and do not document a single incident of persecution of church members in Zheng's home region. Given this regional variation, it

8

was Zheng's burden to show that underground church practitioners were being targeted in her home region. *See Jian Hui Shao*, 546 F.3d at 149-50. Moreover, in light of this regional variation, the agency did not err in concluding that Zheng failed to establish a pattern or practice of persecution of Catholics in China. *In re A-M-*, 23 I. & N. Dec. 737, 741 (B.I.A. 2005) (defining pattern or practice as harm that is "systemic or pervasive"); *Mufied v. Mukasey*, 508 F.3d 88, 92-93 (2d Cir. 2007). Zheng does not challenge the agency's reading of the country conditions evidence.

Accordingly, because the agency reasonably found that Zheng failed to demonstrate an objective basis for her fear of future persecution, *Jian Xing Huang*, 421 F.3d at 129, it did not err in denying asylum or in concluding that she necessarily failed to meet the higher burdens for withholding of removal and CAT relief, *Y.C.*, 741 F.3d at 335.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument

9

in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe
Clerk of Court